# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DOWNHOLE & DESIGN INTERNATIONAL CORPORATION** | **CIVIL ACTION** |
| **VERSUS** | **CASE NO. 22-3819** |
| **ARCH SPECIALTY INSURANCE COMPANY et al.** | **SECTION: "G"(5)** |

## <u>ORDER AND REASONS</u>

This litigation arises out of property damage caused by Hurricane Ida.[1] Before the Court is Plaintiff Downhole & Design International Corporation's ("Plaintiff") "Unopposed Motion for a Jury Trial."[2] In the motion, Plaintiff requests that the March 31, 2025 trial date be converted from a bench trial to a jury trial.[3] Plaintiff represents that it inadvertently omitted a demand for a jury trial in the Complaint it filed on October 12, 2022.[4] Plaintiff also represents that "it seems that both parties were unaware they had not requested a jury and accepted a bench trial" at the recent scheduling conference they attended with the Court.[5] Plaintiff notes that since the Court issued the Scheduling Order, the parties have not filed any pending motions or other pleadings.[6] The sole remaining Defendant, Arch Specialty Insurance Company ("Defendant"), does not oppose the

---

[1] Rec. Doc. 1.

[2] Rec. Doc. 39.

[3] Rec. Doc. 39-1 at 1.

[4] *Id.*

[5] *Id.*

[6] *Id.*

motion.[7]

Pursuant to Federal Rule of Civil Procedure 39(b), "the court may, on motion, order a jury on any issue for which a jury might have been demanded."[8] Because the right to trial by jury is a significant right, the Fifth Circuit has made clear that district courts "should grant a jury trial in the absence of strong and compelling reasons to the contrary."[9] Thus, "[a] motion for trial by jury under [Federal Rule of Civil Procedure 39(b)] 'should be favorably received unless there are persuasive reasons to deny it.'"[10] A court must consider the following factors in assessing a motion pursuant to Rule 39(b):

> (1) whether the case involves issues which are best tried to a jury; (2) whether granting the motion would result in a disruption of the court's schedule or that of an adverse party; (3) the degree of prejudice to the adverse party; (4) the length of the delay in having requested a jury trial; and (5) the reason for the movant's tardiness in requesting a jury trial.[11]

The Court finds that these factors weigh in favor of granting Plaintiff's motion. Under the first factor, other sections of this Court have recognized that "insurance coverage disputes and bad faith claims are routinely tried by juries."[12] Under the second and third factors, granting the motion would not result in a disruption to the Court's schedule or prejudice Defendant because there is

---

[7] *Id.*

[8] *Id.* at 2.

[9] *Daniel Int'l Corp. v. Fischbach & Moore, Inc.*, 916 F.2d 1061, 1064 (5th Cir. 1990) (quoting *Swofford v. B & W, Inc.*, 336 F.2d 406, 408 (5th Cir. 1964)).

[10] *Id.* (quoting *United States v. Unum*, 658 F.2d 300, 303 (5th Cir. 1981)).

[11] *Id.* (quoting *Parrott v. Wilson*, 707 F.2d 1262, 1267 (11th Cir. 1983)).

[12] *Imperial Trading Co., Inc. v. Travelers Prop. Cas. Co. of Am.,* No. 06-4262, 2009 WL 1212469, at *2 (E.D. La. Apr. 30, 2009) (Vance, J.) (citing *Manino v. Lexington Ins. Co.*, No. 06-6627, 2007 WL 1672228, at *1 (E.D. La. June 7, 2007) (Duval, J.); *Korbel v. Lexington Ins. Co.*, No. 06-7283, 2007 WL 2406996, at *3 (E.D. La. Aug. 21, 2007) (Engelhardt, J.).

still substantial time before the trial scheduled for March 31, 2025. Defendant does not oppose the motion and there are no other pending motions before the Court in this matter. Under the fourth factor, the motion was filed considerably later than the deadline for demanding a jury trial pursuant to Federal Rule of Civil Procedure 38(b), as Plaintiff filed the Complaint on October 12, 2022 but Plaintiff filed the instant motion on May 23, 2024.[13] However, Plaintiff filed the motion relatively quickly after the Court issued the Scheduling Order on April 23, 2024 and Plaintiff learned that the matter was set for a bench trial.[14] Under the last factor, Plaintiff explains that it inadvertently omitted a jury demand in the Complaint and it was not aware at the recent scheduling conference with the court that this matter was set for a bench trial. Other sections of this Court have recognized that "delay, error, and inadvertence do not represent strong and compelling reasons to deprive plaintiffs of their Constitutional jury right."[15] Therefore, these factors weigh strongly in favor of granting Plaintiff's motion for a trial by jury.

Accordingly,

---

[13] Fed. R. Civ. P. 38(b). *See* Rec. Doc. 1.

[14] Rec. Doc. 36.

[15] *Imperial Trading*, 2009 WL 1212469, at *4.

**IT IS HEREBY ORDERED** that Plaintiff Downhole & Design International Corporation's "Unopposed Motion for a Jury Trial"[16] is **GRANTED**. Trial will commence in this matter on March 31, 2025, at 9:00 am **with** a jury.

**NEW ORLEANS, LOUISIANA**, this  24th  day of May, 2024.

**NANNETTE JØLIVETTE BROWN**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**

---

[16] Rec. Doc. 39.